IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> Plaintiff, <br><br> v. <br><br> ONE (1) TAURUS, MODEL: G2C, 9MM PISTOL, SERIAL NUMBER: AAM148647, <br> First-Named Defendant Property, <br><br> THIRTEEN (13) ROUNDS OF 9MM AMMUNITION, <br> Second-Named Defendant Property, <br><br> ONE (1) GLOCK INC., MODEL: 43, 9MM PISTOL, SERIAL NUMBER: AFFA829, <br> Third-Named Defendant Property, <br><br> THREE (3) ROUNDS OF 9MM AMMUNITION, <br> Fourth-Named Defendant Property. | CASE NO.: |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

*Nature of the Action*

1. This is a civil action *in rem* brought pursuant to Title 18, United States Code, Section 924(d)(1), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: one (1) Taurus, Model: G2C, 9mm pistol, Serial

Number: AAM148647; thirteen (13) rounds of 9mm ammunition; one (1) Glock Inc., Model: 43, 9mm pistol, Serial Number: AFFA829; and three (3) rounds of 9mm ammunition (hereinafter collectively referred to as the "Defendant Property").

*The Defendant in Rem*

2. The First-Named Defendant Property consists of one (1) Taurus, Model: G2C, 9mm pistol, Serial Number: AAM148647, seized from Christopher Akins on October 15, 2021, on West Napier Avenue at Munford Road, Bibb County, Macon, Georgia. It is presently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives and located in the Macon Field Office Vault.

3. The Second-Named Defendant Property consists of thirteen (13) rounds of 9mm ammunition, seized from Christopher Akins on October 15, 2021, on West Napier Avenue at Munford Road, Bibb County, Macon, Georgia. It is presently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives and located in the Macon Field Office Vault.

4. The Third-Named Defendant Property consists of one (1) Glock Inc., Model: 43, 9mm pistol, Serial Number: AFFA829, seized from Tynisha Clark on October 21, 2021, at the Shoppes at River Crossing located at 5080 Riverside Drive, Macon, Georgia. It is presently in the custody of the Bureau of Alcohol, Tobacco, Firearms and Explosives and located in the Macon Field Office Vault.

5. The Fourth-Named Defendant Property consists of three (3) rounds of 9mm ammunition, seized from Tynisha Clark on October 21, 2021, at the Shoppes at River Crossing located at 5080 Riverside Drive, Macon, Georgia. It is presently in the custody

of the Bureau of Alcohol, Tobacco, Firearms and Explosives and located in the Macon Field Office Vault.

## *Jurisdiction and Venue*

6. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

7. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District. Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1395, because the action accrued in this District and the Defendant Property was seized in Bibb County, Georgia, which is a place within the Middle District of Georgia.

9. After the seizure of the Defendant Property, the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), began administrative forfeiture proceedings. On or about December 28, 2021, Tynisha Clark, 5578 Riverside Drive, Apartment 312, Macon, Georgia 31210, filed a claim for the Defendant Property with the ATF, after which the ATF referred the matter to the United States Attorney for the Middle District of Georgia.

*Basis For Forfeiture*

10.     The Gun Control Act of 1968 ("GCA"), as amended, 18 U.S.C. Chapter 44, and the National Firearms Act, as amended by the GCA, 26 U.S.C. Chapter 53, defines the term "firearm" to mean:

> (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device.  Such term does not include an antique firearm.

11.     The GCA generally makes it unlawful for any person, who in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition.  18 U.S.C. § 922(a)(6).

12.     The GCA generally makes it unlawful for any person, who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year to receive or possess any firearm or ammunition which has been shipped or transported in interstate commerce.  18 U.S.C. § 922(g)(1).

13.     The GCA generally makes it unlawful for any person, who is an unlawful user of or addicted to any controlled substance (as defined in Section 102 of the

Controlled Substances Act (21 U.S.C. § 802) to receive or possess any firearm or ammunition which has been shipped or transported in interstate commerce. 18 U.S.C. § 922(g)(3).

*Factual Allegations*

14. On October 15, 2021, ATF Special Agent ("SA") Robert Martin received information from a confidential source ("CS") concerning the possession of a firearm and marijuana by Christopher Bernard Akins ("Akins").

15. SA Martin reviewed Akins' criminal history, which revealed numerous arrests, with a 2003 felony conviction for possession of cocaine with intent to distribute.

16. SA Martin contacted Bibb County Sheriff's Office ("BCSO") Investigator Nick Denny and informed him of the CS's information. Investigator Denny examined Akins' criminal history and discovered that Atkins had a suspended driver's license along with several misdemeanor arrest warrants. Investigator Denny notified members of the BCSO Special Response Team ("SRT") and put them on the lookout for Akins.

17. Members of the SRT spotted Akins driving a Nissan Murano on Napier Avenue. Investigator Denny along with members of the SRT conducted a traffic stop on West Napier Avenue at Mumford Road. Bibb County Deputies identified Akins as the driver of the vehicle and Stevie Bryant ("Bryant") as the front seat passenger.

18. During the traffic stop, BCSO Deputies learned that both Akins and Bryant had outstanding misdemeanor arrest warrants. Investigator Denny photographed and searched the vehicle. During the search, Investigator Denny found a firearm, a Taurus, Model: G2C, 9mm pistol, Serial Number: AAM148647, tucked between the driver's seat

and center console.  Investigator Denny observed the firearm with one (1) round of 9mm ammunition in the chamber and twelve (12) rounds of ammunition in the magazine. Investigator Denny also found a small backpack containing four (4), one (1) gram bags of suspected marijuana and one (1), 3.5 grams bag of suspected marijuana.  The backpack also contained a digital scale and plastic bags.

19.     BCSO Investigator Tatreaus Gray searched Bryant's person and found a 3.2 grams bag of suspected marijuana in Bryant's front right pocket.  Investigator Gray turned the 3.2 grams bag over to Investigator Denny.

20.     While out at the traffic stop SA Martin heard Akins state, without being asked, that the Taurus handgun belonged to his wife, and that his wife left the firearm in the vehicle after he had dropped her off at work.

21.     Both Akins and Bryant were arrested and transported to the BCSO to be interviewed.

22.     SA Martin seized the Taurus, Model: G2C, 9mm pistol, Serial Number: AAM148647 (First-Named Defendant Property), and thirteen (13) rounds of 9mm ammunition (Second-Named Defendant Property) as evidence.

23.     On October 15, 2021, SA Martin and Investigator Denny interviewed Akins at the BCSO.  During the interview Akins made the following statements:

    a.     Akins stated the vehicle he was driving and the Taurus firearm belonged to his wife, Tynisha Akins.  Akins stated he dropped his wife off at work this morning, and his wife left her firearm in the vehicle.

b. Akins stated after he noticed his wife left the firearm in the vehicle, he moved the firearm to the front seat. Akins stated his DNA is on the bullets because he loaded his wife's firearm approximately two (2) weeks ago. Akins stated he loaded the firearm at his apartment, and his wife keeps the ammunition on the dresser.

c. Akins stated his wife purchased the firearm in June of 2020 at Academy Sports in Macon, Georgia. Akins believes his wife purchased the firearm and ammunition at the same time. Akins stated his wife cannot load the Taurus firearm. Akins stated the Taurus firearm has not been shot by him or his wife.

d. Akins stated the marijuana found in the backpack in the vehicle belonged to him. Akins stated a pound of marijuana can be bought for $1,600.00. Akins stated a pound of marijuana used to be sold for $2,200.00.

e. Akins stated he usually purchases one (1) ounce of marijuana for $125.00. Akins then divides the ounce into 3.5 grams and 1 gram bags. Akins stated he sells the 3.5 gram bags for $25.00 and 1 gram bags for $10.00. Akins stated he had just sold a 3.5 gram bag before being arrested by BCSO.

f. Akins stated he is a convicted felon and knows he cannot possess firearms. Akins stated he received his first felony conviction in 2003

for possession of marijuana. Akins also stated he received a sentence of probation for a 2019 cocaine possession charge.

24. On October 15, 2019, SA Martin and Investigator Denny interviewed Bryant at the BCSO. During the interview Bryant made the following statements:

    a. Bryant stated he did not know that Akins had a firearm in the vehicle. Bryant stated that the firearm in the vehicle belonged to Akins' wife.

    b. Bryant stated he had a bag of marijuana and a pill for his tooth pain in his front right pocket when he was arrested.

25. On October 21, 2021, SA Martin and BCSO Investigator Peggy Newman interviewed Tynisha Clark ("Clark"), at the Shoppes at River Crossing located at 5080 Riverside Drive, Macon, Georgia. During the interview Clark made the following statements:

    a. Clark stated that she and Akins have been together for over thirty (30) years. They are divorced now, but sometimes see each other.

    b. Clark stated she purchased the Taurus firearm sometime in 2018, 2019, or 2020. Clark stated the reason she did not know the exact year she purchased the firearm was because she just recently purchased another pistol from Academy Sports in Macon, Georgia. Clark stated she purchased all her firearms from Academy Sports in Macon, Georgia.

    c.    Clark stated she has left the Taurus firearm in the vehicle with Akins numerous times over the years. Clark stated that she usually takes her firearm into the daycare center with her, but sometimes forgets it. Clark stated because of new rules that the daycare has, she cannot call Akins to come back and return her firearm.

    d.    Clark stated Akins helped her load the Taurus pistol because after several rounds are loaded into the magazine, it is too hard for Clark to load the firearm.

    e.    Clark stated her sister picked up her vehicle on the day the BCSO arrested Akins. Clark stated her sister said her vehicle smelled like marijuana.

    f.    Clark stated she smokes marijuana because her job is stressful. Clark stated she smokes marijuana every day or every other day and has used marijuana at this frequency for approximately two (2) or three (3) years.

    g.    Clark stated she was currently in possession of a Glock firearm and ammunition. Clark stated she purchased this firearm in early 2021 from Academy Sports in Macon, Georgia.

    h.    Clark acknowledged that ATF Form 4473, Firearms Transaction Record, includes a question about drug use.

26.    SA Martin informed Clark that she was in violation of federal law based on her answer about drug use on the ATF Form 4473 when she purchased the Glock, and

9

that her marijuana use prohibits her from possessing firearms and ammunition. Clark agreed to turn over the Glock firearm and associated ammunition to SA Martin that was located in her purse.

27. SA Martin seized the Glock Inc., Model: 43, 9mm pistol, Serial Number: AFFA829 (Third-Named Defendant Property) and three (3) rounds of 9mm ammunition in the magazine (Fourth-Named Defendant Property) and provided Clark with a receipt for the seized items.

28. The Defendant Property subject to forfeiture includes the firearm and ammunition found to be in the possession of Akins at the time of his arrest on October 15, 2021, and the firearm and ammunition possessed by Clark at the time of her interview on October 21, 2019.

*Conclusion*

29. Based on the foregoing facts, probable cause exists to believe that the Defendant Property was received or possessed by Clark in violation of Title 18, United States Code, Section 922(g)(3), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

30. Based on the foregoing facts, probable cause exists to believe that the First and Second-Named Defendant Property was possessed by Akins in violation of Title 18, United States Code, Section 922(g)(1), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

31. Based on the foregoing facts, probable cause exists to believe that the Third and Fourth-Named Defendant Property was received by Clark in violation of Title 18,

United States Code, Section 922(a)(6), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, March 28, 2022.

PETER D. LEARY
UNITED STATES ATTORNEY

BY: */s/ Michael D. Morrison*
MICHAEL D. MORRISON
Assistant United States Attorney
Georgia Bar No.: 153001
United States Attorney's Office
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2682
Mike.Morrison@usdoj.gov